And the court will proceed to the sixth case, the United States v. Khatib. Ms. Pollack. May it please the Court and Counsel. My name is Elizabeth Pollack. I'm with the Federal Defenders for the Central District of Illinois, and I'm here representing the defendant, Appellant Kamel Khatib, today. This is also a case involving the Speedy Trial Act, but one where the record below is vacant, not nearly as developed as the one we just heard. In this case, I think the first issue needs to be addressed is whether or not I even get to ask this court for anything, since that was the government's thrust of their brief in response to my argument. And, of course, my position on that is, yes, I get to ask you for relief, and at the very least, the relief that should be granted is a remand to the district court so that the government's pointed out lacking findings, that those findings can be made, and the district judge gets to rule on this issue. Now, the government has asserted that Mr. Khatib waived his right under the Speedy Trial Act because the right was not asserted through counsel. It is true that the circuit has cases in which they state that a defendant who is represented by counsel doesn't necessarily get whatever he wants. He doesn't get to file motions and get those motions heard whenever he wants if he has an attorney. But this is a different beast that we're looking at under the Speedy Trial Act for two reasons. The first reason is that if a defendant doesn't say anything, it is forever waived. There is no plain error review available from this court if it's not asserted in the district court. That is not true for any other forfeiture of a right that I am aware of where it's automatically permanently waived. That is a huge detriment to the defendant, especially in this case where, at least in my opinion, and as the court can see from my brief, I believe there was a cognizable Speedy Trial Act violation in this case. The second reason that it shouldn't be considered in this case or in cases involving the Speedy Trial Act, but particularly here, is because Mr. Katib, who most district courts, I think it's safe to say, would find irritating given the number of pro se filings that he submitted, made every effort he could to bring this to the court's attention. He simply couldn't convince his trial counsel to file a formal motion. But the court was well aware of this issue. That's in the record in two particular places where the district court ordered the U.S. Attorney's Office to provide status reports on where the heck this guy was. Because he had been writing saying, I'm stuck here, I'm stuck here, the whole time that he's in transport for months. When am I going to get back? When am I going to get my speedy trial? The district court knew this was happening. The court ordered the U.S. Attorney's Office to track him down, find him, and report and say, where did he go? Why can't we find him? Now, this is not your standard case of waiver. When we think of waiver in this court's context, waiver is a voluntary, intelligent, knowing relinquishment of a right. This was certainly not voluntary, as indicated by Mr. Katib's repeated filings. He put up a huge fight, at least five filings over the course of time, three of which came after the real violation, which was the transport violation where he was gone for a period of months. He did everything he could to get this court to rule, and nothing happened. And so now, because his attorney, and don't get me wrong, I am not alleging ineffective assistance of counsel right now. I'm not taking his bite of the apple right now. But that being said, the court knew that this was happening. And it is no, what the remedy that I'm asking for from the court today is to make an exception for Speedy Trial Act claims because the remedy is so severe for a defendant. If you don't make the claim, it's gone. This court has no authority to review it. That's clear under the rules. So what the court needs to do is craft an exception and say, look, in cases like this where the remedy is that the defendant, it's never reviewable. No matter how many times he yells and screams and stands on his head in the district court, no matter how many times he said there's a Speedy Trial Act violation, no matter if there is one or not, he can't get relief. And so that can't stand. That's not justice. And so if this court wants to couch it in terms of, well, the district court abused its discretion by failing to consider the repeated Speedy Trial Act claims that were made by Mr. Khatib, then I think that's probably the best way to do it because, like I said, the district court knew that there were problems with this defendant's Speedy Trial claims because he repeatedly told the prosecutor, find out where he is. So you think the granting or denying of the motion for a Speedy Trial is an abuse of discretion? I think it is. It's an abuse of discretion because... You've joined your compatriot on that. Well, I do. I guess that's the similarity between my case and his, the one similarity. It's maybe the only similarity I can think of. Yes, pretty much. But would you establish the case law of this circuit that a district judge has to go through all the multiple pro se claims and then a person is represented by counsel? No. Not at all. Only with regards to Speedy Trial Act because of the remedy, what happens to a defendant if it's not raised. I'm not saying, look, this guy clearly was irritating. He filed a lot of stuff. A lot of it was groundless. Similarly to, for example, a sovereign citizen who files repeated motions alleging the court has no jurisdiction and harkening back to the rules of like 1613 or whatever it is that they file, there is no reason that a district court should have to consider all of those frivolous motions. But in the case of Speedy Trial Act violations, where the court already is aware that there are problems here. They're aware because of the multiple filings. Well, from the filings of the defendant, specifically with regards to Speedy Trial Act, but also because, and this is factual, not legal, but in this case the district court knew that he was missing in action. And he would be writing over and over again. And he had to get the prosecutor to track him down. That's how we know he was stuck for this whole period of time, all of which is not excludable time under the Speedy Trial Act. So the district court knew that that was going on. But my proposal is that in cases where the Speedy Trial Act is alleged to have been violated, and if a defendant is screaming his head off and raising the issue, but simply because his attorney wouldn't put it in writing, that should not bar him from appellate review. You may have an interesting case because of the awareness, as you say, of the district court. But if we have pro se filings, let's say speaking legitimately to a possible speeding track violation, buried with frivolous complaints, to ask a district judge to go through that, and then when he has counsel, we don't have it raised? I mean, you would think that's the first thing he would be talking to his counsel about. Well, I'm sure he did. I know you're saving perhaps for another day. I just don't think it's that burdensome, Your Honor. Well, just because if a motion says, I mean, they read them. I mean, they have to read them when they come in, and then they can summarily deny everything they want because it's not made through counsel, but the one exception. And I don't think it's that burdensome, especially now if they're, I suppose, interpreting an inarticulate defendant who's saying this is too slow. Well, that doesn't say a speedy trial act, so maybe that wouldn't apply, and I guess there could be some problems interpreting a pro se filing because they're sometimes difficult. So here we have Judge Bridges back, sensitive to a possible, quote, unquote, lost defendant to be found to have abused his discretion because he then, in the midst of all the other filings, doesn't follow up his intuition that we had a possible lost defendant and eventually has a counsel, appointed counsel from him. We're going to tell Judge Bridges back he abused his discretion. Well, I think you can establish a new law of the circuit and then tell him to reevaluate and remand for consideration of what should have been considered. I see I'm into my rebuttal time. I'll save my time for rebuttal. Thank you. Mr. Lipscomb. Thank you. May it please the Court. Counsel, I'm Bill Lipscomb from the U.S. Attorney's Office in Milwaukee. It is clear in the record, and counsel's right, that the defendant raised the timing of his trial numerous times. It's also clear in the record that the court was sensitive to the timing of the trial throughout the record. There's no question about that. The question is whether the defendant, either by himself or through counsel, adequately filed a motion to dismiss on speedy trial grounds, and it matters here. But we're pretty clear that didn't occur. It did not occur, certainly not through counsel. The question is the demand for a speedy trial is different than a motion to dismiss. Exactly right, Judge, and here's why. Because think about it from the defendant's standpoint. What the defendant wanted was for the case to be resolved, right? He wanted justice. He wanted his day in court. There's a lot that happened that delayed that, a lot from his defense counsel, right? You can see that in the record and this competency proceeding. But he's never asked, right, and particularly before the trial, on the eve of trial, to say, hey, too much time has passed here. Dismiss my case, right? Because think about this practically. What does that do, right? One, it delays it for consideration of all those periods, and the judge is going to have to have it briefed, you know, have the defense delineate those periods that should be not excluded. The government respond. Then there's a decision, then it gets set for trial. Then if the defense wins, right, there's a question of does it get dismissed or not, get dismissed with or without prejudice, right? There's no basis here for sort of government bad faith that would cause a dismissal with prejudice. So assuming the defendant would win, right, on a technical speedy trial claim on the eve of trial, the case is going to get reindicted. He's sitting again. It's further delayed, right? So there's good reason for not filing a motion to dismiss on speedy trial, but still at the same time asserting my right to a speedy trial. I want this case tried as soon as possible. That's what happened in this case. Because there's no actual motion filed and no motion filed that delineates the grounds for the violation, and that's what's required. The position of the government is pretty clear. It's absolutely just rock solid. I mean, it's the same. This is as clear as it can be. If defendant can claim that the court shouldn't apply 3162A2 because of the dire consequences, well, the court, we should say you can't apply 3162A1 because of the dire consequences of the government, which would be dismissal, right? The law is set there to provide an orderly process for the adjudication of a speedy trial motion to dismiss. We didn't have that here, and that precludes review. Thank you. Thank you, Mr. Eskin. Ms. Powell. First off, I think that trying to infer that a defendant who files demands and requests and pleas for a speedy trial but didn't call in a motion for a speedy trial or a motion to dismiss because of the speedy trial act, that infers quite a significant bit of legal reasoning and acumen on part of a guy who clearly doesn't have any. So I don't think that's really an argument that you can take to the bank. The other thing is there's a lot of let's consider, what if, let's pretend, assume, but those are things that this court doesn't do. We don't assume that if this had gone to a hearing, something would have happened. What we need is an actual hearing. So let's remand. Thank you. All right. Thanks to both counsel. Ms. Pollack, we always appreciate your fine office's efforts to take cases outside the central district. Thank you. And we represent people. All right. The case is taken under advisement, and the court will stand in recess.